IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY GREEN, | : |
| | : |
| Petitioner, | : |
| | :     5:05CV167 (DF) |
| vs. | : |
| | :     5:97CR74 (DF) |
| UNITED STATES OF AMERICA, | : |
| | : |
| | : |
| Respondent. | : |

**O R D E R**

This order hereby adopts and incorporates the Recommendation that United States Magistrate Judge G. Mallon Faircloth entered in this case on June 3, 2005 (tab 352).  The Court has reviewed and carefully considered Petitioner Green's objections to the Magistrate Judge's Recommendation (tab 353), but concludes that they do not warrant rejection or modification of the Magistrate Judge's findings.

Green's original § 2255 motion was denied with prejudice by this Court in 2003.[1]  Green filed the present § 2255 motion in 2005.  Because Green's original

---

[1] The order denying Greene's original § 2255 motion was with prejudice because (1) it was on the merits, and (2) it contained no qualifying language.  See **Durant v. Essex Co.**, 74 U.S. 107, 109 (1868) ("Where words of qualification, such as 'without prejudice,' or

motion for habeas relief was denied on the merits, his present motion is subject to the limitations on "second or successive" motions found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* **Stewart v. Martinez-Villareal**, 523 U.S. 637, 645 (1998) (a subsequent habeas petition is "second or successive" where the claim presented has been previously adjudicated); *see also* **Dunn v. Singletary**, 168 F.3d 440, 442 (11th Cir. 1999) (subsequent habeas petition treated as "second or successive" where district court denied initial petition on the merits).

Those limitations require that Green apply for authorization from the Eleventh Circuit before filing a second or successive habeas motion in this Court. He did so. And on May 2, 2005, the Eleventh Circuit denied Green's application to the extent that his original motion was denied with prejudice (tab 346). Green filed the present motion three weeks later. But "[w]ithout authorization [from the circuit court of appeal], the district court lacks jurisdiction to consider a second or successive petition." **Farris v. United States**, 333 F.3d 1211, 1216 (11th Cir. 2003). Because Green's original § 2255 motion was denied with prejudice and because the Eleventh Circuit has specifically declined to authorize the filing of Green's present motion, this Court is without jurisdiction to proceed.

---

the terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits.").

Accordingly, Green's § 2255 Motion to Vacate (tab 349) is hereby **DISMISSED** as an unauthorized second or successive habeas petition.

SO ORDERED, this 28th day of June, 2005.

                                              **/s/ Duross Fitzpatrick**
                                              DUROSS FITZPATRICK, JUDGE
                                              UNITED STATES DISTRICT COURT

DF/sew