# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DANNY GREEN, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:07-CV-139 CAR |
| | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 5:97-CR-74 DF |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Danny Green was tried and found guilty on February 26, 1999, of Conspiring With Others to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, and two counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). After a Pre-Sentence Report and sentencing hearing, the court entered concurrent sentences of imprisonment of 360 months. (R-173, 177). Petitioner Green appealed his convictions and sentences to the Eleventh Circuit Court of Appeals where the same were affirmed effective October 24, 2001. (R-293). Petitioner applied to the United States Supreme Court for writ of certiorari which was denied on February 25, 2002. Thereafter, on January 16, 2003, Petitioner Green filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R-307). After full consideration the District Court denied Green's § 2255 Motion on June 11, 2003. (R-317, 318). Thereafter, both the District Court and the United States Court of Appeals for the Eleventh Circuit denied Green a Certificate of Appealability (COA). (R-322, 327).

Petitioner Green filed an application with the Court of Appeals to file a second or successive § 2255 Motion to Vacate, which was also denied on May 2, 2005. (R-346). Nonetheless, Green filed a second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on May 25, 2005. (R-349). This second and successive motion was dismissed as such on August 29, 2005. (R-354, 362). Again both the District Court and the United States Court of Appeals for the Eleventh Circuit denied Green a Certificate of Appealability. (R-369, 374). The Court of Appeal also denied Green's Motion For Reconsideration on February 3, 2006. (R-375).

Petitioner Green has now filed a Motion For Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6), alleging that, "Under Rule 60(b)(6), a court may grant relief for any reason justifying relief from the operation of judgment," challenging the legality of the District Court's ruling on his first § 2255 Motion. Contrary to Green's broad contention, the United States Court of Appeals for the Eleventh Circuit has placed strict limitations on the use of this civil rule in application to criminal judgments, and this court is bound by those limitations.

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent

2

decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion, is not designed to prevent a fraud upon the court, but rather to re-open a defendant's habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within the statutory exceptions.

The foregoing recent decisions from the United States Supreme Court and the United

---

[1] *Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

States Court of Appeals for the Eleventh Circuit are abundantly clear that this court is not authorized to entertain Petitioner Green's motion, until he has received authorization from the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) directing this court to consider his Motion on its merits, if any.

WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's Motion be dismissed, so that he may make application to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), if he so desires. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of February 2008.

                                                      S/G. MALLON FAIRCLOTH
                                                      UNITED STATES MAGISTRATE JUDGE