IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY GREEN, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90053 CAR |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:97-CR-74 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 under consideration is his third §2255 Motion filed since his original Judgment of conviction and sentence issued in this case on May 24, 1999. (Doc. 177). Petitioner's present § 2255 Motion comes after this Court granted on March 24, 2008, his Motion For Retroactive Application of Sentencing Guideline Amendment 706 pursuant to 18 U.S.C.§ 3582(c)(2). (Doc. 398). In response to that Motion and pursuant to the provisions of 18 U.S.C.§ 3582(c)(2), the Court reduced Petitioner's original sentence for the Possession of Cocaine Base With Intent to Distribute from 360 months to 292 months pursuant to a 2 point offense level reduction (38 to 36) as provided in Sentencing Guideline Amendment 706, which was promulgated effective November 1, 2007, by the Sentencing Guideline Commission and made retroactive to all Cocaine Base sentences on March 3, 2008. *See U.S.S.G. 2d1.1(c). U.S.S.G. App. C, Amend. 706, 711.*

Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted. 18 U.S.C.§ 3582(c)(1)(B). Statutory exception to this general rule provides for relief under § 3582(c)(2), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On June 6, 2008, pursuant to Petitioner Greene's Motion, the provisions of 18 U.S.C.§ 3582(c)(2), and Sentencing Guideline Amendment 706, the Court reduced Greene's offense level from 38 to 36 and reduced his sentence to 292 months, with all other provisions of the original sentence remaining in effect. (Doc. 402). Petitioner Greene nonetheless asserts in Ground One of his § 2255 Motion that, "Petitioner's new 2008 Reduced Sentence of 292 months (still) exceeds the statute's maximum for a conviction of a 841(a)(1), 841(b)(1)(C) offense." (Doc. 411 at 4). In his second and final Ground asserts that:

> The 3553(a) factors in this case are controlled by the 11th Cir. ruling applying *Apprendi* and the law of the case doctrine in this case. The 11th Cir. ruled that it was error for the Judge not the Jury to determine the 1.5 kilograms of crack that authorized Petitioner's base level of 38, which the 2008 reduced two levels of 292 months was calculated from.

*Id.* at 5. It is clear that Petitioner Greene Petitioner Greene is continuing a challenge to the original determination of his offense level by the district court's calculation of the drug amount involved. Greene's above reference to the decision of the Eleventh Circuit Court of Appeals on the direct

2

appeal of his original conviction and sentence (Doc. 293), demonstrates his effort to return to a challenge of his original sentence calculation.   Greene criticizes the Circuit Court's Foot Note 4 statement that:

> [D]efendant Green was not in a position to raise an issue under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 435 (2000), since his 360 month sentence is within the statutory maximum for an enhanced penalty under the catch-all provisions of 18 U.S.C. § 841(b)(1)(c).  *See United States v. Rogers,* 228 F.3d 1318, 1327 (11th Cir. 2000).

*Id.* at 4.  Petitioner cannot challenge the affirmation of his original conviction and sentence in this § 3582(c)(2) application of a retroactive sentencing guideline amendment.  A § 3582(c)(2) motion to reduce sentence does not provide a basis for *de novo* resentencing.  U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005).  *See United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir. 1997) (holding that "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full *de novo* resentencing").  Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues." *United States v. Bravo,* 203 F.3d 778, 781-82 (11th Cir. 2000).  The *Bravo* Court noted that a petitioner "must instead bring such a collateral attack on his sentence under 28 U.S.C.§ 2255." *Id.* at 782.

As noted above, however, this is Petitioner Greene's third § 2255 Motion, paragraph (h) of which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)."  *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

An examination of Petitioner's present § 2255 motion reveals that his stated grounds for relief, despite his reference to a *Reduced Sentence*, actually addresses issues from his original conviction and sentencing.  His *Reduced Sentence* is confined to the provisions of 18 U.S.C.§ 3582(c)(2).  Therefore, he must seek authorization from the United States Court of Appeals for the Eleventh Circuit for this court to have jurisdiction to consider the challenge he makes to the determination of his original offense level, as the same cannot be carried over in § 3582.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Jones' Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be Dismissed Without Prejudice to permit him to make application to the United States Court of Appeals for the Eleventh Circuit for authorization to proceed upon a second or successive petition.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 5th day of June 2009.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE