# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **No. 5:97-CR-74 (CAR)** |
| **DANNY GREEN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 486] to dismiss Petitioner Danny Green's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 484]. Therein, the Magistrate Judge determined that because Petitioner previously filed multiple unsuccessful § 2255 motions and because he has not been granted prior authorization to do so by the Eleventh Circuit, Petitioner's § 2255 petition is successive. Petitioner, proceeding *pro se*, filed an Objection to the Recommendation [Doc. 490]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

In his Objection, Petitioner does not dispute that his petition is successive, nor does he argue that he has moved for or obtained, from the Eleventh Circuit, an order authorizing this Court to consider his second habeas petition. Instead, Petitioner argues

1

that the Magistrate Judge erred in not considering his argument for the retroactive application of *Alleyne v. United States*.[1]  The Supreme Court in *Alleyne* overruled *Harris v. United States*,[2] and found that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*,[3] also apply to facts triggering a mandatory minimum sentence.  Petitioner contends the instant motion is not a successive § 2255 motion because *Alleyne* establishes a new rule made retroactive to collateral review cases.

However, § 2255(h)(2) only applies if a new rule has been "made retroactive to cases on collateral review by the Supreme Court."  Resolving *Alleyne* on <u>direct</u>, rather than collateral, review, the Supreme Court never said that its new rule applies retroactively on collateral attack.  As the Seventh Circuit recently held,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U .S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive.  *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).  But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).[4]

In any event, as the Southern District of Georgia recently noted in an order addressing a similar argument, Petitioner "has knocked on the wrong court's door.

---

[1] 133 S. Ct. 2157 (U.S. 2013).
[2] 536 U.S. 545 (2002).
[3] 530 U.S. 466 (2000).
[4] *Simpson v. United States*, ⸺ F.3d ⸺, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013).

'Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'  [Petitioner] has not shown why he has knocked on this door instead."[5]

Consequently, the Recommendation [Doc. 486] is **ADOPTED and MADE THE ORDER OF THE COURT**.  Petitioner's Motion to Vacate [Doc. 484] is **DISMISSED**.

**SO ORDERED,** this 3rd day of September, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[5] *Scott v. United States*, Nos. CV413-186, CR405-331, 2013 WL 4077546, at * 1 (S.D. Ga. Aug. 12, 2013) (citing 28 U.S.C. § 2244(b)(2)(A)).